1  LEIB M. LERNER (State Bar No. 227323)
   **ALSTON & BIRD LLP**
2  333 South Hope Street, Sixteenth Floor
   Los Angeles, California 90071
3  Telephone: (213) 576-1000
   Facsimile: (213) 576-1100
4  Email: leib.lerner@alston.com

5  Attorneys for Defendant Amerimax
   Building Products, Inc.

6

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

9                  **WESTERN DIVISION**

10

| | |
|---|---|
| 11  CREDIT MANAGERS ASSOCIATION OF CALIFORNIA dba CMA BUSINESS | Case No.: EDCV10-00071 SVW (DTBx) |
| 12  CREDIT SERVICES, a California | **PROOF OF SERVICE RE:** |
| 13  corporation, as assignee for the benefit of the creditors of WEEKEND WARRIOR | **1) Notice Of Filing Location Policy;** |
| 14  TRAILERS, INC. | **2) Notice Of Assignment To United States Magistrate Judge For Discovery;** |
| 15          Plaintiff, | **3) Clerk's Office Services For Attorneys And The General Public;** |
| 16     v. | **4) Pacer Information;** |
|  | **5) New Civil Actions;** |
| 17  AMERIMAX and DOES 1-10, inclusive, | **6) Notice To Parties Of ADR Pilot Program;** |
| 18          Defendants. | **7) Notice Of Reassignment Of Eastern Division Removal Case;** |
| 19  | **8) New Case Order; and** |
|  | **9) Order Re: Status Conference** |
| 20  | |
| 21  | Honorable Judge Stephen V. Wilson |
| 22  | Filing Date:      July 16, 2009 |
| 23  | Removal Date:    January 15, 2010 |

24

25

26

27

28

PROOF OF SERVICE RE NOTICE TO COUNSEL, ETC.

1    I, Leib M. Lerner, certify and declare as follows:

2       1.    I am over the age of 18 and not a party to this action.

3       2.    My business address is Alston & Bird LLP, 333 S. Hope Street,

4    16th Floor, Los Angeles, California 90071, which is located in the city, county and

5    state where the mailing described below took place.

6       3.    On January 21, 2010, I served the document(s) described as **Proof**

7    **of Service Re: 1) Notice Of Filing Location Policy; 2) Notice Of Assignment To**

8    **United States Magistrate Judge For Discovery; 3) Clerk's Office Services For**

9    **Attorneys And The General Public; 4) Pacer Information; 5) New Civil Actions;**

10   **6) Notice To Parties Of ADR Pilot Program; 7) Notice Of Reassignment Of**

11   **Eastern Division Removal Case; 8) New Case Order; and 9) Order Re: Status**

12   **Conference** on the interested parties in this action by enclosing the document(s) in a

13   sealed envelope addressed as follows:

14   William J. Wall, Esq.                    Attorneys for Plaintiff
     The Wall Law Offices                     Credit Managers Association
15   9900 Research Drive
     Irvine, CA 92618                         Tel: (949) 387-4300
16                                            Fax: (800) 722-8196
17                                            Email: wwall@wall-law.com

18      4.    I am "readily familiar" with this firm's practice for the collection

19   and the processing of correspondence for mailing with the United States Postal

20   Service. In the ordinary course of business, the correspondence would be deposited

21   with the United States Postal Service at 333 South Hope Street, Los Angeles,

22   California 90071 with postage thereon fully prepaid the same day on which the

23   correspondence was placed for collection and mailing at the firm. Following ordinary

24   business practices, I placed for collection and mailing with the United States Postal

25   Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles,

26   California 90071.

27

28

                                    1
LEGAL02/31725708v1

1          I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.  Executed on the 21st day of January

3    2010 at Los Angeles, California.

4

5    DATED:  January 21, 2010      Respectfully submitted,

6          LEIB M. LERNER
      **ALSTON & BIRD LLP**

7

8                 /s/Leib M. Lerner

9                 Leib M. Lerner
      Attorneys for Defendant Amerimax Building Products, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

LEGAL02/31725708v1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF FILING LOCATION POLICY

Effective March 1, 2002, all documents must be presented for filing at the division where the case is pending.

Criminal, capital habeas corpus petitions and civil cases, except those enumerated below, are deemed pending in the division where the district judge holds court. Therefore, subsequent documents for these cases must be filed at the location where the district judge is located.

Non-capital habeas corpus petitions, pro se civil rights cases, social security cases and other matters referred to a magistrate judge are deemed pending where the magistrate judge holds court. Therefore, subsequent documents for these cases must be filed at the location where the magistrate judge is located.

Subsequent documents in this case must be filed at the following location:

☐ **Western Division**
312 N. Spring St., Rm G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1053
Santa Ana, CA 92701-4516

☒ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT (IF A REMOVAL ACTION IS FILED, A COPY OF THIS NOTICE MUST BE SERVED ON ALL PLAINTIFFS).**

**DOCUMENTS NOT FILED AT THE PROPER LOCATION WILL BE RETURNED TO THE FILER.**

### TERRY NAFISI

### CLERK OF COURT

3

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

    I.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    II.   Service of Papers and Process (Local Rule 4)
    III.  Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 01-13].

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in the Civil Cover Sheet and by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3.

## II.    SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

III.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

*Pursuant to Local Rule 73-2, this notice must be served with the Summons or Waiver of Service of Summons and Complaint on all defendants.*

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that the full-time United States Magistrate Judges of this District Court, in addition to their other duties, may, upon the consent of all parties to their civil case, conduct any and all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Copies of appropriate consent forms for this purpose (Form number CV-11) are available from the Clerk of Court.

Since Magistrate Judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a criminal trial, which normally has priority. Further, in some cases the Magistrate Judge may be able to assign an earlier trial date than a District Judge. There may be other advantages and disadvantages which you will want to consider.

Your decision to consent or not to consent to the disposition of your case by a United States Magistrate Judge is **entirely voluntary** and should be communicated solely to the clerk by submitting a joint form of consent or separate forms of consent, form CV-11. Please note that the United States District Court must approve the consent **if** it is not submitted at least thirty (30) days prior to the date of the Final Pretrial Conference. ALL parties must consent before the case may proceed before a United States Magistrate Judge.

With the exception noted below, the parties may consent to proceed before any Magistrate Judge whose name appears on a list maintained by the Clerk of those Magistrate Judges currently available for consent cases. A space is provided on the consent form for use by parties if they desire to consent to a Magistrate Judge from the list.

**NOTE:** In cases which already have been assigned to a Magistrate Judges pursuant to 28 U.S.C. §636(b)(1)(B) and these Local Rules, the parties may consent to proceed only before the assigned Magistrate Judge.

Any appeal from a judgment of the Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

**CLERK, UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVILITY AND PROFESSIONALISM GUIDELINES

## Preamble

In its purest form, law is simply a societal mechanism for achieving justice. As officers of the court, judges and lawyers have a duty to use the law for this purpose, for the good of the people. Even though "justice" is a lofty goal, one which is not always reached, when an individual becomes a member of the legal profession, he or she is bound to strive towards this end.

*...there is a growing sense that lawyers regard their livelihood as a business, rather than a profession.*

Unfortunately, many do not perceive that achieving justice is the function of law in society today. Among members of the public and lawyers themselves, there is a growing sense that lawyers regard their livelihood as a business, rather than a profession. Viewed in this manner, the lawyer may define his or her ultimate goal as "winning" any given case, by whatever means possible, at any cost, with little sense of whether justice is being served. This attitude manifests itself in an array of obstinate discovery tactics, refusals to accommodate the reasonable requests of opposing counsel re: dates, times, and places; and other needless, time-consuming conflicts between and among adversaries. This type of behavior tends to increase costs of litigation and often leads to the denial of justice.

The Central District recognizes that, while the majority of lawyers do not behave in the above-described manner, in recent years there has been a discernible erosion of civility and professionalism in our courts. This disturbing trend may have severe consequences if we do not act to reverse its course. Incivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice.

The following guidelines are designed to encourage us, the members of the bench and bar, to act towards each other, our clients, and the public with the dignity and civility that our profession demands. In formulating these guidelines, we have borrowed heavily from the efforts of others who have written similar codes for this same purpose. *The Los Angeles County Bar Association Litigation Guidelines*, guidelines issued by other county bar associations within the Central District, the *Standards for Professional Conduct within the Seventh Federal Judicial Circuit*, and the *Texas Lawyer's Creed* all provide excellent models for professional behavior in the law.

We expect that judges and lawyers will voluntarily adhere to these standards as part of a mutual commitment to the elevation of the level of practice in our courts. These guidelines shall not be used as a basis for litigation or for sanctions or penalties.

Nothing in these guidelines supersedes or modifies the existing Local Rules of the Central District, nor do they alter existing standards of conduct wherein lawyer negligence may be determined and/or examined.

## I. Guidelines

### A. Lawyers' Duties to Their Clients

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2. We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3. We will advise our clients that civility and courtesy are expected and are not a sign of weakness.

4. We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

5. We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6. We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7. We will advise our clients regarding availability of mediation, arbitration, and other alternative meth-

ods of resolving and settling disputes.

8. We will advise our clients of the contents of this creed when undertaking representation.

## B. Lawyers' Duties to Other Counsel

### 1. Communications with Adversaries

a. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

b. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide the other counsel with the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

c. We will not write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred. Letters intended only to make a record should be used sparingly and only when thought to be necessary under all of the circumstances. Unless specifically permitted or invited by the court, letters between counsel should not be sent to judges.

### 2. Scheduling Issues

a. We will not use any form of discovery or discovery scheduling as a means of harassment.

b. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

c. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

d. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the court to use the previously reserved time for other matters.

e. Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

f. We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.

g. We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for seeking reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

### 3. Service of Papers

a. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

b. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

c. We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on a Friday afternoon or the day preceding a secular or religious holiday.

d. When it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission.

### 4. Depositions

a. We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions

7

for the purpose of harassment or to increase litigation expense.

b. We will not engage in any conduct during a deposition that would be inappropriate in the presence of a judge.

c. During depositions we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action. We will not inquire into a deponent's personal affairs or question a deponent's integrity where such inquiry is irrelevant to the subject matter of the deposition. We will refrain from repetitive or argumentative questions or those asked solely for purposes of harassment.

d. When defending a deposition, we will limit objections to those that are well founded and necessary to protect our client's interests. We recognize that most objections are preserved and need be interposed only when the form of a question is defective or privileged information is sought.

e. When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers.

f. We will not direct a deponent to refuse to answer questions unless they seek privileged information or are manifestly irrelevant or calculated to harass.

g. When we obtain documents pursuant to a deposition subpoena, we will make copies of the documents available to opposing counsel at his or her expense, even if the deposition is canceled or adjourned.

## 5. Document Demands

a. We will carefully craft document production requests so they are limited to those documents we reason-

ably believe are necessary for the prosecution or defense of an action. We will not design production requests to harass or embarrass a party or witness or to impose an undue burden or expense in responding.

b. We will respond to document requests in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.

c. We will withhold documents on the grounds of privilege only where it is appropriate to do so.

d. We will not produce documents in a disorganized or unintelligible manner, or in a way designed to hide or obscure the existence of particular documents.

e. We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

## 6. Interrogatories

a. We will carefully craft interrogatories so that they are limited to those matters we reasonably believe are necessary for the prosecution or defense of an action, and we will not design them to harass or place an undue burden or expense on a party.

b. We will respond to interrogatories in a timely and reasonable manner and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information.

c. We will base our interrogatory objections on a good faith belief in their merit and not for the purpose of withholding or delaying the disclosure of relevant information. If

an interrogatory is objectionable in part, we will answer the unobjectionable part.

## 7. Settlement and Alternative Dispute Resolution

a. Except where there are strong and overriding issues of principle, we will raise and explore the issue of settlement in every case as soon as enough is known about the case to make settlement discussion meaningful.

b. We will not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying trial.

c. In every case, we will consider whether the client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation, or other forms of alternative dispute resolution.

## 8. Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders.

a. Before filing a motion with the court, we will engage in more than a mere *pro forma* discussion of its purpose in an effort to resolve the issue with opposing counsel.

b. We will not force our adversary to make a motion and then not oppose it.

c. In submitting briefs or memoranda of points and authorities to the court, we will not rely on facts that are not properly part of the record. We may present historical, economic, or sociological data, if such data appears in or is derived from generally available sources.

d. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

e. Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.

f. We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

g. We will not move for court sanctions against opposing counsel without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

h. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

i. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

**9. Ex Parte Communications With the Court**

a. We will avoid *ex parte* communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending.

b. Even where applicable laws or rules permit an *ex parte* application or communication to the court, before making such an application or com-

munication we will make diligent efforts to notify the opposing party or his or her attorney. We will make reasonable efforts to accommodate the schedule of such attorney, so that the opposing party may be represented on the application.

c. Where the rules permit an *ex parte* application or communication to the court in an emergency situation, we will make such an application or communication only where there is a *bona fide* emergency such that the lawyer's client will be seriously prejudiced by a failure to make the application or communication on regular notice.

**C. Lawyers' Duties to the Court**

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not write letters to the court in connection with a pending action, unless invited or permitted by the court.

6. Before dates for hearing or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

7. We will act and speak civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

**D. Judges' Duties to Others**

1. We will be courteous, respectful, and civil to the attorneys, parties, and witnesses who appear before us. Furthermore, we will use our authority to ensure that all of the attorneys, parties, and witnesses appearing in our courtrooms conduct themselves in a civil manner.

2. We will do our best to ensure that court personnel act civilly toward attorneys, parties and witnesses.

3. We will not employ abusive, demeaning, or humiliating language in opinions or in written or oral communications with attorneys, parties, or witnesses.

4. We will be punctual in convening all hearings, meetings, and conferences.

5. We will make reasonable efforts to decide promptly all matters presented to us for decision.

6. While endeavoring to resolve disputes efficiently, we will be aware of the time constraints and pressures imposed on attorneys by the exigencies of litigation practice.

7. Above all, we will remember that the court is the servant of the people, and we will approach our duties in this fashion.

4

9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 71 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

*10*

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES
DISTRICT COURT

CENTRAL DISTRICT OF
CALIFORNIA



*Clerk's Office*

Services for Attorneys
and the
General Public

March 2009

---

UNITED STATES
DISTRICT COURT

CENTRAL DISTRICT OF
CALIFORNIA

**WESTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room G-8
312 North Spring Street
Los Angeles, California 90012
213-894-1565

**SOUTHERN DIVISION**
Ronald Reagan Federal Building and
Courthouse
Clerk's Office, Room 1-053
411 West 4th Street
Santa Ana, California 92701-4516
714-338-4750

**EASTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room 134
3470 Twelfth Street
Riverside, California 92501-3801
951-328-4450

www.cacd.uscourts.gov

---

### Court Reporters Office

**Ordering Transcripts**

District court civil and criminal transcripts may be ordered by making financial arrangements with the individual court reporters. To identify which reporter to contact for a specific in-court matter before April 2002, please refer to the appropriate docket entry on the civil or criminal docket sheet which is now electronically available on PACER. For specific in-court matters after April 2002, the court reporter assignment schedule is on the website. Go to Court Reporter Schedule, then view all and select the date you need to check. Transcript orders from magistrate judge courts should be placed with the Court Recording Section of the Records Department. Please refer to the website for the necessary telephone numbers, applicable fees, and identification of court reporter assignments. For more information, you can call the court reporter scheduler's office at 213-894-0658.

**Ordering Realtime Connection**

Realtime reporting connection should be requested in advance of the trial. Please contact the court reporter scheduler's office to request the realtime connection. There is a separate charge for the realtime connection. Please refer to the transcript rates to determine the cost. The only court reporters who may connect to realtime and charge for it are federally certified realtime court reporters. Many reporters will provide the realtime connection if a daily transcript is being ordered. The attorney must bring his or her own laptop computer.

**Ordering Dailies**

A request for a daily transcript should be made as soon as possible before the trial begins. Please notify the court reporter scheduler's office at least a week in advance of the trial start date in order to request a daily. The daily will not commence until financial arrangements have been made. Please do not walk in to court on the first day of trial and request a daily transcript as reporters need time to prepare.

### Touch Screens

A touch screen is available in the lobby of each division. This device provides court addresses, hours, telephone numbers, a daily master calendar, and the weekly Post Indictment Arraignment calendar.

11

The United States District Court, Central District of California is one of the largest federal courts in the nation. The clerk's office has put this brochure together to provide a quick reference for attorneys and the general public regarding the services that are currently available. Feedback and suggestions as to how we might improve our service are always appreciated.

## Website

Information about the district court may be obtained on-line. Users can gather information about attorney admissions and filing procedures; review master and daily calendars, requirements for court appearances, Local Rules, General Orders, and recently issued and published opinions; obtain extensive attorney assistance information and available court services; download court forms, and keep apprised of recent innovations in the clerk's office. Visit the court's website at www.cacd.uscourts.gov.

## Office Hours

The clerk's office hours are 10:00 a.m. - 4:00 p.m. Monday - Friday, excluding court observed holidays. The drop-off box service has been discontinued. For emergency filings between 4:00 p.m. - 5:00 p.m., call Western Division: 213-894-2127; Southern Division: 714-338-4764/4760; Eastern Division: 951-328-4470. After 5:00 p.m., call 213-894-2485.

## WebPACER

The "Public Access to Court Electronic Records" (PACER) is a browser based electronic retrieval system that provides criminal and civil summaries and docket information using a computer terminal. PACER also provides access to images of electronically filed court documents. The PACER service is available 24 hours a day, including weekends. To establish a PACER account, contact the PACER Service Center: 800-676-6856.

## Records

All pending criminal, civil, magistrate, and multi-district litigation (MDL) cases may be reviewed, at no charge, at the clerk's office. Case files and dockets may be viewed on the same day as requested unless the requested material is unavailable. Certain closed cases are located at the court's storage facility and may be ordered, viewed and copies obtained directly from National Archives and Records Administration (NARA) at 951-956-2000. You will need to provide the accession, location and box numbers to NARA for file retrieval. This information may be obtained from the court's website at www.cacd.uscourts.gov/nara. If there are no search results, call Western Division: 213-894-3863, email

to records_cacd@cacd.uscourts.gov; Southern Division: 714-338-4785; Eastern Division: 951-328-4450. To identify which clerk's office maintains the case file you wish to view, please refer to the prefix of the case number (two digits after the letters represent the filing year, for example, 09 is year 2009) as follows:

**Western Division (Los Angeles)**
CV 09-0000 – civil          CR 09-0000 – criminal
**Southern Division (Santa Ana)**
SACV 09-0000 - civil       SACR 09-0000 - criminal
**Eastern Division (Riverside)**
EDCV 09-0000 – civil       EDCR 09-0000 - criminal
There is a charge for copies, certifications, and exemplifications. For more information on closed or archived court records, visit the court's website at www.cacd.uscourts.gov/records.

## Photocopy Service

Photocopy services are available from outside copy services. Please note that exemplifications and certifications must still be obtained from the clerk's office. For payment options, contact the appropriate vendors: Western Division: 213-253-9413; Southern Division: 714-543-8123; Eastern Division: 951-328-4470.

## Interpreter Services

The interpreter services section of the clerk's office provides interpreters for all court proceedings instituted by the United States that require the use of a language other than English. The section also makes interpreter referrals in response to inquiries from law firms and the general public in cases where court-appointed interpreters are not indicated. For further information, please call 213-894-4370 or visit the court's website at www.cacd.uscourts.gov/interpreters.

## Jury Section

The court's website offers valuable information to prospective jurors. You may see responses to frequently asked questions, read the General Order 07-10 regarding the selection of Grand and Petit jurors; download the jury handbook; review jury information for all three divisions; and verify your status/instructions utilizing the Automated Juror Information System (AJIS). Submit questions or comments to the jury section at jury@cacd.uscourts.gov. Wired and wireless Internet access is available in jury assembly rooms.

## Attorney Work Room

For attorneys, a work room is located on the second floor of the Spring Street Courthouse, on the first floor of the

Roybal Federal Building, on the tenth floor of the Ronald Reagan Federal Building and U.S. Courthouse, and on the third floor of the Riverside Courthouse. The workrooms have Pentium personal computers with access to Westlaw, WordPerfect, and PACER; laser printers; wired and wireless Internet access; storage lockers; copy machines; and individual conference rooms.

## Evidence Presenters

The clerk's office has evidence presenters available for attorneys to use in court proceedings. This technology connects an overhead projector to monitors which display pictures for the judge, attorneys and the jury. There is no charge for using the equipment; however, due to the high demand for its use, the equipment is reserved on a first-come-first-served basis. For more information or to reserve the equipment, visit the court's website or contact the appropriate divisions: Western Division at 213-894-1400; Southern Division at 714-338-4785; and Eastern Division at 951-328-4450 or 951-328-4451.

## Videoconferencing

Videoconferencing allows parties at off-site locations to appear at court hearings by way of two-way audio and visual monitors. The appropriate courtroom deputy clerk should be contacted as to whether use of this equipment in the courtroom is permitted for the specific hearing or trial. There are minimal telephone charges but no equipment charges for use of the unit. For more information or to reserve the equipment, visit the court's website or contact the court's Space and Facilities Help Desk at 213-894-1400.

## E-Filing

With limited exceptions, all cases are subject to e-filing as governed by General Order 08-02, as amended by General Order 08-11. Please visit the CM/ECF web page at www.cacd.uscourts.gov/cmecf or call the CM/ECF Help Desk at 213-894-0242.

## Pro Se

The Federal Pro Se (Self-Represented Litigant) Clinic is located on the fifth floor, Room 525 in the Federal Courthouse at 312 North Spring Street, Los Angeles, California. The Pro Se Clinic is staffed by a lawyer, offers on-site information and guidance to individuals who are representing themselves (without an attorney) in civil actions in the United States District Court. For more information, call 213-385-2977, Ext. 270 or visit the court's website at www.cacd.uscourts.gov/prose.

# PACER

## PUBLIC ACCESS TO COURT ELECTRONIC RECORDS

CLERK'S OFFICE AT YOUR DESKTOP



## INFORMATION

Information regarding PACER is available at

➤ http://www.pacer.uscourts.gov or:

➤ PACER Service Center
P.O. Box 780549
San Antonio, TX 78278-0549
(800) 676-6856
PACER@psc.uscourts.gov

Information regarding the Administrative Office and CM/ECF is available at http://www.uscourts.gov and your local court's web site.

01/05

## PACER AND CM/ECF

For all federal courts, PACER facilitates electronic access to docket sheets and other case information. It also allows access to images of court documents, if a court has chosen to use electronic case files. Each court maintains its own case information, as well as an Internet site, which may contain local rules, court forms, and other items available to the public free of charge. PACER provides the interface with each court system and funds the network that facilitates these web sites.

A user accesses court information via the court's Internet site or through the PACER Service Center. Although each court manages its own procedures for electronic filing, all electronic public access to case file documents occurs through PACER.

To fund the costs of PACER and CMECF, the Judicial Conference of the United States has set a fee of eight cents per page for electronic data via the Internet, with the total charge of any document, docket sheet, or case-specific report not to exceed the fee for 30 pages. However, transcripts of federal court proceedings shall not be subject to the 30-page fee limit. The fee applies to all users, although no fee is owed by users who do not incur more than $10 of use in a calendar year. Parties entitled to documents as part of the legal process receive a free electronic copy, although they will be charged for replacement copies, whether in paper or electronic form.

13

# WHAT IS PACER?

Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case information from federal courts. PACER is a service of the United States Judiciary, provided by the Administrative Office of the United States Courts.

PACER offers an inexpensive, easy-to-use alternative for obtaining case information without having to visit the courthouse. PACER allows an Internet user to request information about a particular case or party. The data is immediately available for printing or downloading.



# CM/ECF

Case Management/Electronic Case Files (CM/ECF) is an electronic case management system that provides federal courts with enhanced and updated docket management capabilities, including the option of permitting case documents to be filed with the court over the Internet.

CM/ECF implementation in the bankruptcy courts has been underway since early 2001. District court implementation began in 2002. The appellate courts began implementation in late 2004.

# PACER FEES

Electronic public access fees fund all of the hardware, software, and other costs of providing electronic access to court data. Congress has authorized the Judiciary to charge fees, to the extent necessary, for remote electronic access to court documents. The Judiciary has set fees at the lowest level sufficient to fund the program. The development of Internet technology has facilitated dramatic improvements to the quality of public access at a significantly reduced cost.

# SOME PERSPECTIVE

In 1853, the cost of a copy of a court document was set by Congress at 10 cents per page, a figure which, indexed for inflation, is now equivalent to almost $2. To obtain a paper copy today, a person still must travel to the court and pay 50 cents per page. Technology and the work of court staff, funded by public access fees, have brought the courts closer to the citizens, allowing round-the-clock access to court information from anywhere in the world at a fraction of the cost.

# HOW DOES IT WORK?

PACER offers convenient electronic access to:

- ➤ Case file documents
- ➤ Listings of all case parties
- ➤ Reports of case-related information
- ➤ Chronologies of events entered in the case record
- ➤ Claims registries
- ➤ Listings of new bankruptcy cases
- ➤ Judgments or case status
- ➤ Nationwide party/case index

Users are billed quarterly and are allowed to enter a client code of their own choosing to facilitate tracking costs.

To register instantly, visit the PACER Service Center web site – www.pacer.uscourts.gov – and click on the Registration icon. Fill out an online form and provide a valid e-mail address. If credit card information is provided an account will be established immediately. Non-instant registration will remain an option for those customers who do not wish to provide a credit card number. Those customers will receive the login information by U.S. mail. There is no cost for registering.



14

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# Attention:
# New Civil Actions

Pursuant General Order 08-02, you are required to e-mail a "Filed" stamped copy of your initial filing in PDF format within 24 hours as follows:

- Complaint/Removal, Notice of Assignment to Magistrate Judge for Discovery (CV-18), Summons (CV-01A) and Civil Cover Sheet (CV-71) as one PDF attachment.

- Certification and Notice of Interested Parties (CV-30) as a separate PDF attachment.

- AO-120 or AO-121 (for Patent, Trademark, Copyright cases only) as a separate PDF attachment.

- Any other "Filed" documents that accompany the Complaint/Removal as separate PDF attachments.

☐ **CivilIntakeCourtDocs-LA@cacd.uscourts.gov**
   (for cases numbers CV## -#####)

☒ **CivilIntakeCourtDocs-RS@cacd.uscourts.gov**
   (for case numbers EDCV## -#####)

☐ **CivilIntakeCourtDocs-SA@cacd.uscourts.gov**
   (for case numbers SACV##-#####)

**SUBJECT LINE OF E-MAIL TO READ:** Document type (complaint, removal, etc.) and case number. Sample: Complaint CV08-01234-ABC(SHx)

The **ECF Helpdesk** can be reached at 213-894-0242 during business hours; Monday through Friday, 8:00 a.m. to 5:00 p.m. (PST). E-mail questions to: ecf-helpdesk@cacd.uscourts.gov

*Subsequent documents e-mailed to above address will not be accepted. Please check General Order 08-02 for instructions on how to e-file documents.*

FILED

10 JAN 15 AM 11: 40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, ET AL** <br><br> PLAINTIFF(S) | CASE NUMBER <br><br> **EDCV10- 71 VAP (DTBx)** |
| V. <br><br> **AMERIMAX, ET AL** <br><br> DEFENDANT(S). | **NOTICE TO PARTIES OF ADR PILOT PROGRAM** |

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is participating in an ADR Pilot Program. All counsel of record are directed to jointly complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or defendant in a removal case) is directed to concurrently file the Questionnaire with the report required under Federal Rules of Civil Procedure 26(f).

**TERRY NAFISI**

Clerk, U.S. District Court

01/15/10

Date

By: GGUZMAN

Deputy Clerk

*16*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA,**

PLAINTIFF(S)

V.

**AMERIMAX, ET AL**

DEFENDANT(S).

CASE NUMBER

**EDCV10- 71 VAP (DTBx)**

**ADR PILOT PROGRAM QUESTIONNAIRE**

(1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation?  Please outline with specificity the type(s) of discovery and proposed completion date(s).  Please outline any areas of disagreement int this regard.  Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

(2) What are the damage amounts being claimed by each plaintiff? Identify the categories of damage claimed [e.g., lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category.

*17*

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes [ ]     No [ ]

(4) if this case is in category civil rights - employment (442), check all boxes that describe the legal bases of

plaintiff claim(s).

[ ] Title VII                                    [ ] Age Discrimination

[ ] 42 U.S.C. section 1983                       [ ] California Fair Employment and Housing Act

[ ] Americans with Disabilities Act of 1990      [ ] Rehabilitation Act

[ ] Other _____

_____

_____

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and

correct.

_____          _____

Date                              Attorney for Plaintiff  (Signature)

                                  _____

                                  Attorney for Plaintiff  (Please print full name)

_____          _____

Date                              Attorney for Defendant  (Signature)

                                  _____

                                  Attorney for Defendant  (Please print full name)

*18*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Credit Managers Association of California | CASE NUMBER: |
| | EDCV10-00071 VAP (DTBx) |
| PLAINTIFF(S), | |
| v. | |
| Amerimax et al | **NOTICE OF REASSIGNMENT** |
| | **OF EASTERN DIVISION REMOVAL CASE** |
| DEFENDANT(S). | |

To:     All Counsel Appearing of Record and/or Pro Se Litigant(s)

YOU ARE HEREBY NOTIFIED that, pursuant to the procedure adopted by the Court, the above-entitled case has been returned to the Clerk for random reassignment.

Accordingly, this case has been randomly reassigned to the Honorable <u>Stephen V. Wilson</u>,

U. S. District Judge for all further proceedings.

Please substitute the initials of the newly assigned Judge so that the new case number will read:

<u>EDCV10-00071 SVW (DTBx)</u>. This is very important because documents are routed by the initials.

Clerk U.S. District Court

<u>1/15/10</u>
Date

By: <u>A. Morris</u>
Deputy Clerk

**Traditionally filed subsequent documents must be filed at the ☑Western ☐ Southern ☐ Eastern Division.**
**Failure to file at the proper location will result in your documents being returned to you.**

cc: ☑Previous Judge   ☑Statistics Clerk     *19*

CV-106  (10/09)     NOTICE OF REASSIGNMENT OF EASTERN DIVISION REMOVAL CASE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   CREDIT MANAGERS                  )   CASE NO.: CV10-71-SVW(DTBx)
     ASSOCIATION OF CALIFORNIA,       )
12                                     )   NEW CASE ORDER
            Plaintiff                  )
13                                     )
            vs.                        )
14                                     )
     AMERIMAX, et al.,                 )
15                                     )
            Defendant.                 )
16   _____  )

17

18          This case has been assigned to the calendar of Judge Stephen V. Wilson.  The

19   Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires

20   that the Rules be "construed to secure the just, speedy and inexpensive determination

21   of every action."

22          Counsel should also be guided by the following special requirements:

23          1. The Plaintiff shall promptly serve the complaint in accordance with the Fed.

24   R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

25          2. The attorney attending any proceeding before this Court must be the attorney

26   who is primarily responsible for the conduct of the case.

27   ///

28   ///

     ///

                                      *20*

3. Motions: Motions shall be filed and set for hearing in accordance with Local Rule 7-4 through 7-8. Motions are heard on Mondays at 1:30 p.m., unless otherwise ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear motions on the succeeding Tuesday. Any motions noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.

A. <u>Page Limits</u>: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed <u>25 pages</u>. Replies, thereto, shall not exceed <u>12 pages</u>. These are maximum page limits. It is the Court's preference that the pleadings be shorter. If it cannot be said briefly, then it is not a "brief."

B. <u>Motions for Summary Judgment</u>: Use of depositions.

Pursuant to Local Rule 32-1, no original or copy of a deposition shall be lodged in support of a Motion for Summary Judgment (or other substantive motion). Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement to said motion.

4. DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initial designation in parenthesis following the case number) for the specific purpose of hearing all discovery matters. Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of <u>this</u> Court. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matter for hearing. The words <u>DISCOVERY MATTER</u> shall appear in the caption of all documents relating to discovery to insure proper routing.

The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

21

1    Within ten (10) days of an oral ruling which the Magistrate Judge indicates will

2  not be followed by a written ruling, or within ten (10) days of service upon him/her

3  of a written ruling any party may file and serve a motion for review and

4  reconsideration before this Court, specifically designating the portions of the decision

5  objected to and specifying wherein such portions of the decision are clearly erroneous

6  of contrary to law, with points and authorities in support thereof. A copy of the

7  moving papers and responses, etc., shall be delivered to the Magistrate Judge's clerk

8  for review upon the filing of said documents.

9    5. EX PARTE APPLICATIONS: Ex parte applications are considered on the

10  papers and are not set for hearing. Counsel are advised to file and serve their ex parte

11  applications as soon as they realize that extraordinary relief is necessary. Counsel are

12  advised that this Court allows ex parte applications solely for extraordinary

13  relief. Sanctions may be imposed for misuse of ex parte applications. See In Re:

14  Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989). The requesting party

15  shall notify the responding party that opposing papers must be filed not later than

16  3:00 p.m. on the first business day succeeding the day the ex parte was served.

17  If counsel are not going to oppose the ex parte application, they must inform the clerk

18  at (213)894-2881. Counsel will be notified by the clerk of the Court's ruling.

19    6. TRIAL PREPARATION: This Court strives to set trial dates as early as

20  possible and does not approve of unnecessarily protracted discovery. This Court

21  issues an "Order Re: Trial Preparation" upon the setting of a trial date.

22    7. CONTINUANCES: Continuances are granted only upon a showing of good

23  cause, particularly focusing upon evidence of diligent work by the party seeking delay

24  and of prejudice that may result from the denial of a continuance. Counsel requesting

25  a continuance MUST submit a detailed declaration as to the reason. Any continuances

26  requested not accompanied by said declaration will be rejected without notice to the

27  parties. The Court sets firm trial dates and will not change them without good cause

28  having been shown.

22

8.   STIPULATIONS: NO stipulations extending scheduling dates set by this Court are effective unless approved by this Court.   All stipulations must be accompanied by a <u>detailed</u> declaration explaining the reason for the stipulation.  Any stipulation not in compliance with this Order or the Local Rules of the Central District will automatically be rejected without notice to the parties.  Stipulations shall  be submitted well in advance of the relief requested.  Counsel wishing to know whether or not a stipulation has been signed shall comply with Local Rule 11-4.5.

9.   NOTICE: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is required to promptly give notice of these requirements to the opposing parties or their counsel.  If this case came to this Court via a Notice for Removal, this burden falls to the removing defendant.

10.   NOTICE OF REMOVAL: Any answers filed in state court <u>must</u> be re-filed in this Court as a supplement or exhibit to the Notice.  If an answer has not, as yet, been filed, said answer or responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  Any pending motions must be re-noticed according to Local Rule 7-4.

11.   BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court.   The matter is considered submitted upon the filing of the appellant's reply brief.  No oral argument is held unless by order of this Court.

12.   TRANSCRIPTS: Requests for transcripts shall be made to the Court Reporter who reported the event.  Reporter information can be found on the Court's website at www.cacd.uscourts.gov, under Court Addresses & Directories - Western-Spring or Western-Roybal.  For additional Court Reporter Information, you may contact the Court Reporter Scheduler at (213) 894-0658.  Arrangements for daily transcripts shall be made not later than five (5) days prior to the hearing or trial to be transcribed.  Requests for daily transcripts made on the day of the hearing/trial to be

- 4 -

23

1 | transcribed may not be honored; it shall be at the discretion of the assigned court
2 | reporter.
3 |     Counsel representing the United States or one of its agencies shall present a
4 | preauthorization purchase order when ordering transcripts.
5 |     13.  E-FILING:  Documents may only be filed on the Court's electronic
6 | docketing system between the hours of 9:00 a.m. and 4:30 p.m., Monday through
7 | Friday. Any documents filed before 9:00 a.m. and after 4:30 p.m. will be rejected even
8 | if the system allows the upload of such documents.  Mandatory chambers copies on
9 | all e-filed documents shall be delivered to chambers within 24 hours of the filing.

Dated:  January 21, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

24

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, | ) CASE NO: CV10-71-SVW(DTBx) |
| Plaintiff(s), | ) ORDER RE: STATUS CONFERENCE |
| v. | ) |
| AMERIMAX, et al., | ) |
| Defendant(s). | ) |

IT IS HEREBY ORDERED that a Status Conference be set for Monday, February 1, 2010 at 3:00 p.m. before the Honorable Stephen V. Wilson.  The attorneys attending this conference MUST be those who are in charge of the conduct of the trial.  Attendance is mandatory.

This Court views this status conference as critical to its case management responsibilities.  Counsel are required to approach it with the same seriousness.

IT IS FURTHER ORDERED that counsel meet and confer prior to conference in accordance with Local Rule 26,

///

///

25

however, counsel are not required to file any documents,
such as an Early Meeting Report or the Status Conference
Report.

　　　　Failure on the part of counsel to participate
knowledgeably in the conference may result in sanctions.

　　　　IT IS FURTHER ORDERED that, at the Status
Conference, counsel must be fully prepared to inform the
Court of the following:

　　　　　　　(1) the theory of the case, both factual and legal,

　　　　　　　(2) settlement potential and approaches including
　　　　　　　　　　an examination of whether a limited trial on
　　　　　　　　　　certain bifurcated issues could lead to an
　　　　　　　　　　overall disposition of the case,

　　　　　　　(3) length of trial, jury vs non-jury, unusual
　　　　　　　　　　trial problems, etc.,

　　　　　　　(4) motions to be filed and an explanation for
　　　　　　　　　　their necessity.

　　　　This Court will not continue this status conference
except upon a showing of good cause.

　　　　**(Rule 26f)** Counsel should view the discovery period
as a time for the orderly and cooperative exchange of
information essential to a resolution of the case.
Sanctions will be imposed if counsel impede the discovery
process through contentiousness and over-litigiousness.  In
short, the Court does not view the pre-trial process as an
arena or a series of hostile skirmishes, but rather as a
structure through which legal and factual positions are
openly and candidly exchanged.  The goal must be the early

1  and inexpensive settlement of the cases or the refinement of

2  issues for trial.

3        All discovery matters have been referred to a

4  United States Magistrate Judge <u>as provided in this Court's</u>

5  <u>Standing Order</u>.  Discovery disputes of a significant nature

6  should be brought promptly before the Magistrate Judge.  The

7  Court does not look favorably upon delay resulting from

8  unnecessarily unresolved discovery disputes.  Any discovery

9  disputes that are not resolved three (3) weeks prior to the

10  scheduled trial date should be brought promptly and directly

11  to the attention of <u>this Court</u>.

12        Plaintiff's counsel, or counsel for defendant if

13  plaintiff is pro se, is to provide <u>written notice</u> of this

14  conference and the meeting requirements to any parties

15  appearing, who are known and not yet formally appeared, on

16  or after the date of this order.

17        If this case was removed from state court and if

18  plaintiff wants to seek a remand, plaintiff's counsel should

19  file an Ex Parte Application for Remand not later than

20  fourteen (14) days prior to the conference.

21  Defendants should file any opposition to the Ex Parte

22  Application for Remand not later than seven (7) days prior

23  to the conference.

24  DATED: January 21, 2010

        STEPHEN V. WILSON
        UNITED STATES DISTRICT JUDGE

25

26

27

28

3

27

**PROOF OF SERVICE**

1

2          I, Rosa Nelly Villaneda, declare:

3          I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

4

5

6          On January 21, 2009, I served the document(s) described as **Proof of Service Re: 1) Notice Of Filing Location Policy; 2) Notice Of Assignment To United States Magistrate Judge For Discovery; 3) Clerk's Office Services For Attorneys And The General Public; 4) Pacer Information; 5) New Civil Actions; 6) Notice To Parties Of ADR Pilot Program; 7) Notice Of Reassignment Of Eastern Division Removal Case; 8) New Case Order; and 9) Order Re: Status** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed to the parties as listed on the attached service list in the following manner:

7

8

9

10                                    SEE ATTACHED SERVICE LIST

11    ☒    BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

12

13

14

15

16    ☐    UPS NEXT DAY AIR:  I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS  authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

17

18    ☐    BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

19

20    ☐    BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

21

22    ☐    [State]      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24    ☒    [Federal]      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

25

26          Executed on January 21, 2010, at Los Angeles, California. .

27                                                    *Rosa Nelly Villaneda*
                                                      Rosa Nelly Villaneda

28

                                    PROOF OF SERVICE RE NOTICE TO COUNSEL, ETC.

LEGAL02/31725708v1

1

**Credit Managers Association of California v. AMERIMAX**
**United States District Court – Western Division**
**Case No. EDCV10-00071 SVW (DTBx)**

2

3

**SERVICE LIST**

4

William J. Wall, Esq.
The Wall Law Offices
9900 Research Drive
Irvine, CA 92618

Attorneys for Plaintiff
Credit Managers Association

5

6

Tel:  (949) 387-4300
Fax:  (800) 722-8196
Email:  wwall@wall-law.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE RE NOTICE TO COUNSEL, ETC.

LEGAL02/31725708v1